10-1954-ag
Marku v. Holder

BIA
Brennan, IJ
A097 965 534
A097 965 535

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of April, two thousand eleven.

PRESENT:
> ROBERT A. KATZMANN,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

LUC MARKU, ELIZABETA MARKU,
> *Petitioners*,

v.                                        10-1954-ag
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:        Michael J. Lacey, Grosse Pointe Farms, Michigan.

FOR RESPONDENT:         Tony West, Assistant Attorney General; Jennifer Williams, Senior Litigation Counsel; Lance L. Jolley, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioners Luc Marku and Elizabeta Marku ("Petitioners"), natives and citizens of Albania, seek review of an April 19, 2010 order of the BIA affirming the April 24, 2008 decision of Immigration Judge ("IJ") Noel Brennan, pretermitting their asylum application and denying their application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Marku*, No. A097 965 534/535 (B.I.A. Apr. 19, 2010), *aff'g* No. A097 965 534/535 (Immig. Ct. N.Y. City Apr. 24, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's opinions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

In finding Petitioners not credible, the IJ reasonably relied on the false documents they submitted to the immigration court, including (1) an Italian passport, which Luc Marku testified that he acquired in Spain and used to enter the United States, (2) a copy of Luc Marku's birth certificate, (3) a document indicating Luc Marku's membership in the Democracy Party in Albania, (4) a document indicating that Luc Marku's parents suffered persecution, and (5) a document indicating that Luc Marku had received money from the Institute of Politically Persecuted Integration. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (finding that "even ancillary evidence sometimes supports" applying the doctrine *falsus in uno, falsus in omnibus*). Because the passport, which was not among the documents Petitioners originally submitted to the asylum office, bore the same photograph as the four previously submitted fraudulent documents, the IJ reasonably inferred that Petitioners had submitted the passport to mislead the court regarding their date and place of entry into the United States. Moreover, as the IJ found, although Luc Marku testified that he was not aware that fraudulent documents were submitted to the asylum office on his behalf, he, with new counsel, later resubmitted some of the same

3

fraudulent documents to the immigration court. Additionally, because Petitioners' fraudulent evidence related to events at the heart of their claim—that Luc Marku suffered persecution based on his membership in the Democratic Party—the IJ reasonably relied on the false documents to call into question their credibility. *See Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003) (holding that, in pre-REAL ID Act cases, an adverse credibility determination must "bear a legitimate nexus" to the applicant's claim of persecution).

Because the agency reasonably concluded that Petitioners were not credible either as to their date of entry or their claim of a fear of future harm, the adverse credibility determination in this case necessarily precludes asylum, withholding of removal, and CAT relief, as all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). We decline to address Petitioners' unexhausted due process arguments. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 124 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of

4

removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk